IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM DUFFER d/b/a Tri-State                                                           PLAINTIFF
Pawn & Jewelry, Individually and on
Behalf of All Others Similarly Situated

VS.                                     CASE NO. 4:07-CV-4070

TYCO INTERNATIONAL LTD.,
TYCO INTERNATIONAL (US) INC.,
and ADT SECURITY SERVICES, INC.                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, filed on behalf of Defendant Tyco International (US) Inc. ("TYCO-US"). (Doc. 11). TYCO-US seeks to have Plaintiff's class action complaint dismissed for failure to state a claim upon which relief can be granted. Plaintiff has responded in opposition. (Doc. 17). Also before the Court is a Motion to Dismiss for Lack of Jurisdiction, filed on behalf of Defendant Tyco International Ltd. ("TYCO-INT"). (Doc. 20). TYCO-INT seeks dismissal for lack of personal jurisdiction. Plaintiff has responded in opposition. (Doc. 22). A hearing the motions was held on April 18, 2008. (Doc. 28). Having obtained leave at the hearing to file additional briefing, TYCO-US and TYCO-INT filed Supplemental Memorandum Briefs in support of their motions. (Docs. 30, 31). Plaintiff has responded with a Supplemental Memorandum Brief of his own. (Doc. 32). Plaintiff has subsequently submitted to the Court additional authority in support of his position. (Doc. 35). The matter is ripe for consideration.

### I. FACTUAL BACKGROUND

On January 14, 2002, Plaintiff William Duffer entered into a Commercial Alarm Services Agreement with American Security, an authorized dealer of Defendant ADT Security Services, Inc.

("ADT"). (Doc. 11, pg. 9). Under the terms of the Commercial Alarm Services Agreement, ADT was to provide monitoring, alarm and security services for Plaintiff's business, Tri-State Pawn & Jewelry, located in Texarkana, Arkansas. Subsequently, Plaintiff inspected his ADT security system and discovered that it was not sending a monitoring signal for security as had been promised and agreed upon. In addition, Plaintiff alleges that Defendants had not programmed his system for a "timer test" in order to determine whether the system was working properly, and that, despite paying an extra fee for cell phone backup on his system, Plaintiff's system did not have cell phone backup.

On July 25, 2007, after discovering these shortcomings in his security system, Plaintiff filed the instant class action against Defendants. The matter is now ripe for review on Defendants' motions to dismiss.

## II. DISCUSSION

TYCO-US seeks dismissal of Plaintiff's class action complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Since 1957, courts addressing Rule 12(b)(6) motions to dismiss were guided by the principle articulated in *Conley v. Gibson,* "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In 2007, however, the Supreme Court held that the *Conley* standard had "earned its retirement," and implemented a new standard for addressing whether a complaint states a claim upon which relief may be granted. *See Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1968, 167 L.Ed.2d 929 (2007). The Supreme Court held that a viable complaint must now include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. That is, "[f]actual allegations must be enough to raise a

right to relief above the speculative level...." *Id*. at 1965. The new standard is not a "heightened fact pleading" requirement, but "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id*. at 1965, 1974.

Under *Twombly,* as was the case under *Conley,* the complaint must be liberally construed in the light most favorable to the plaintiff and should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *See id.* at 1964-65; *Parnes v. Gateway 2000, Inc*., 122 F.3d 539, 546 (8th Cir. 1997). Moreover, when considering a motion to dismiss for failure to state a claim, a court must accept the facts alleged in the complaint as true, even if doubtful. *See Twombly*, 127 S.Ct. at 1965; *see also Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). Thus, a well-pled complaint may proceed even if it appears "that recovery is very remote and unlikely." *Twombly*, 127 S.Ct. at 1965 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 191, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

A) *TYCO-US's Motion to Dismiss or for Summary Judgment*

As previously noted, TYCO-US's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment seeks dismissal of Plaintiff's class action complaint for failure to state a claim upon which relief can be granted. At the core, TYCO-US's Motion argues that since TYCO-US: 1) was not involved with the sale of monitoring and security services to Plaintiff, and 2) was not a party to the contract between American Services and Plaintiff, that it cannot be liable to Plaintiff. However, it is important to note that Plaintiff has sued Defendants for fraud, failure to disclose and misrepresentations Defendants made about their services–and not for breach of contract. Indeed,

Plaintiff William Duffer sues for himself and a nationwide class of persons harmed by TYCO-US's fraudulent representations about its security service and products, alleging that Defendants, including TYCO-US, "falsely and deceptively held out to the public and advertised as providing peace of mind an unsurpassed customer service in the protection of homes, businesses, and the government." (Doc. 17, pg. 2). Plaintiff alleges that Defendants, including TYCO-US, knew the systems they sold were faulty, failed to inform customers of known faults, and took steps to conceal the problem and shortcomings of their systems. Further, Defendant ADT does not challenge the pleading sufficiency of Plaintiff' complaint, and the Defendants TYCO, in plain statements on their public website, clearly claim ADT is their business. As a result, the linchpin argument of TYCO-US's motion–that it was not a party to the contract with Tri-State Pawn & Jewelry–is unpersuasive.

Upon review, the Court is satisfied that Plaintiff has included in his complaint "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. Accepting as true all factual allegations in the complaint, as the Court must at this stage of the litigation, *see id.* at 1965, TYCO-US's Motion to Dismiss should be denied. In addition, the Court is satisfied that TYCO-US's alternative Motion, for Summary Judgment, based upon Rule 12(d), should be denied. Rule 12(d) instructs the Court to treat a motion to dismiss as one for summary judgment where "matters outside the pleadings are presented to and not excluded..." Fed. R. Civ. P. 12(d). However, it was not necessary for the Court to consider matters outside the pleadings to resolve TYCO-US's Motion to Dismiss for failure to state a claim upon which relief can be granted; thus TYCO-US's alternative Motion for Summary Judgment is inapplicable and should be denied.

B) *TYCO-INT's Motion to Dismiss for Lack of Personal Jurisdiction*

In the second motion before the Court, Defendant TYCO-INT seeks dismissal of Plaintiff's class action complaint pursuant to Fed. R. Civ. P. 12(b)(2) based upon this Court's purported lack of personal jurisdiction over TYCO-INT. Thus, the issue before the Court is whether the exercise of personal jurisdiction over TYCO-INT comports with due process. In a diversity action, the Court may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of Arkansas and by the Due Process Clause of the Fourteenth Amendment. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004)(citing *Morris v. Barkbuster, Inc.*, 923 F.2d 1277 (8th Cir. 1991)). The long-arm statute of Arkansas confers jurisdiction to the fullest constitutional extent; thus, the Court's inquiry here is limited to whether the exercise of personal jurisdiction comports with due process. Ark. Code Ann. § 16-4-101(B) (Repl. 1999)*; Dever*, 380 F.3d at 1073. "Due process requires minimum contacts between a non-resident defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Dever*, 380 F.3d at 1073.

There are two theories for evaluating minimum contacts: general jurisdiction and specific jurisdiction. *Id*. Under the general jurisdiction theory, the Court may hear this lawsuit against TYCO-INT if it has "continuous and systematic" contacts with Arkansas, even if the injuries at issue in this lawsuit did not arise out of the its activities directed at Arkansas. *See id*. In contrast, specific jurisdiction is viable when the cause of action at issue arose out of or is related to a defendant's activities within a state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174 (1985). Both theories of personal jurisdiction require some act by which TYCO-INT purposely availed itself of the privilege of conducting activities within Arkansas, thus invoking the benefits and protections

of its laws. *See Dever*, 380 F.3d at 1073 (citing *Hanson v. Denckla*, 357 U.S. 235 (1958)).

If the Court determines that TYCO-INT has sufficient contacts with Arkansas, it then may consider "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *See id.* (quoting *Burger King Corp.*, 471 U.S. 462 (1985)).  The Eighth Circuit has instructed courts to consider the following factors when resolving a personal jurisdiction inquiry, with significant weight given to the first three factors: (1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Dever*, 380 F.3d at 1073–74.  When responding to a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a *prima facie* showing of jurisdiction.  *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). Additionally, for purposes of a plaintiff's *prima facie* showing of personal jurisdiction over a defendant, the Court must view evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor.  *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE) Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).

TYCO-INT is a corporation organized and existing in Bermuda, with its principal place of business in Pembroke, Bermuda. TYCO-INT operates as a holding company, and is not registered to conduct business in the State of Arkansas.  Thus, as TYCO-INT is a nonresident of the forum, it is subject to the jurisdiction of this Court only if it has purposefully availed itself of the benefits and protections of this state by conducting activities in this state.  *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818-19 (8th Cir. 1994).  In the briefs and at the hearing on the motions to dismiss, TYCO-INT argued that it is merely a holding company and that it does not conduct any business or

direct any activities to the State of Arkansas that could give rise to personal jurisdiction over it. In support of these positions, TYCO-INT cites to and relies upon the Affidavit of John S. Jenkins, Vice President and Secretary of TYCO-INT. (Doc. 20, pgs. 6-7). In the affidavit, Jenkins specifies that ADT is an "independent subsidiary company that engages separately in its own business pursuits." (Doc. 20, pg. 7).

In response, Plaintiff argues that TYCO-INT does exercise control over ADT and TYCO-US, and that, tellingly, neither ADT nor TYCO-US have challenged this Court's personal jurisdiction over them. In support of their argument that TYCO-INT controls ADT and TYCO-US, Plaintiff cites *S.E.C. v. TYCO International, Ltd.*, Case No. 06-CV-2942 (S.D.N.Y.)(Doc. 22-3)(the "SEC suit."). TYCO-INT settled the SEC suit by agreeing to a $50 million civil penalty under Section 20 of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) and 32(c)(1)(B) of the Exchange Act, 15 U.S.C. § 78ff(c)(1)(B) and consenting to a final judgment being entered against it. As a part of the consent judgment, TYCO-INT agreed to personal jurisdiction in any United States District Court for the purpose of enforcing subpoenas from the S.E.C. The complaint in the SEC suit alleged that TYCO-INT inflated operating income by $567 million by means of connection fees that ADT charged dealers. Plaintiff alleges that some of this income must have come from Arkansas, as TYCO's website makes clear that TYCO-INT operates in all 50 U.S. states. Further, as the Court is independently aware, ADT provides security service for, *inter alia*, the courthouses of the Western District of Arkansas, including the Texarkana, Arkansas federal courthouse. Thus, according to Plaintiff, the SEC suit demonstrates that TYCO-INT manipulates and controls the activities and accounting of its subsidiary ADT. In light of the SEC suit and the plain statements available on TYCO's public website, Plaintiff asserts that TYCO-INT clearly manipulates and controls ADT and

receives income from the sale of ADT security services in the State of Arkansas.

Upon review, the Court is satisfied that Plaintiff has made a *prima facie* case of jurisdiction in Arkansas. *See Dakota Indus., Inc.*, 946 F.2d at 1387. At this stage in the proceedings, it appears that TYCO-INT has purposely availed itself of the privilege of conducting activities within Arkansas, thus invoking the benefits and protections of its laws. *See Dever*, 380 F.3d at 1073. TYCO-INT's contacts with Arkansas, established through ADT, are the type of "continuous and systematic" contacts with Arkansas that establish general jurisdiction and give the Court the power to hear this lawsuit, even if the losses at issue here did not specifically arise out of its activities directed at Arkansas. Finally, the Court rejects TYCO-INT's argument that considerations of fair play and substantial justice counsel against jurisdiction in Arkansas, as it can hardly be inconvenient for TYCO to defend a lawsuit in a state where it is otherwise proud to conduct business. Accordingly, TYCO-INT's Motion to Dismiss for Lack of Jurisdiction should be denied.

## IV. CONCLUSION

For reasons stated herein and above, Defendant Tyco International (US) Inc.'s Motion to Dismiss or, in the Alternative, Motion for Summary Judgment should be and hereby is **DENIED**. Likewise, Defendant Tyco International Ltd.'s Motion to Dismiss for Lack of Jurisdiction should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 26th day of September, 2008.

                                                     /s/ Harry F. Barnes
                                                  Hon. Harry F. Barnes
                                                  United States District Judge